## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC, 425 W. 11th Street, Suite 500 Los Angeles CA 90015 <br><br>       Plaintiffs<br><br> v.<br><br>JUSTIN JOHNSON 2301 Cathedral Avenue NW, Apt. 410 Washington, DC 20008; and<br><br>KELSYE ADAMS Address unknown<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR (1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114; (2) FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125; AND (3) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiffs Coachella Music Festival, LLC ("CMF") and Goldenvoice, LLC (collectively, "Plaintiffs") by and through their attorneys, Tucker Ellis LLP, file their complaint against Defendant Justin Johnson ("Johnson") and Defendant Kelsye Adams ("Adams") (collectively with Johnson, "Defendants") for injunctive relief and damages as follows. Plaintiffs allege as follows, upon actual knowledge with respect to themselves and their own acts, and on information and belief as to all other matters.

  1. Plaintiffs' Coachella Valley Music and Arts Festival ("COACHELLA") is one of the most critically acclaimed music and art festivals in the world, with multiple bands, artists, food vendors, and stages. Held annually,[1] COACHELLA is a sold-out multi-day event which attracts hundreds of thousands of attendees to Southern California each April. Since its inception in 1999,

---

[1] The COACHELLA and CHELLA festivals were not held in person in 2020 and 2021 due to the COVID-19 pandemic; however, a YouTube Original documentary, "Coachella: 20 Years in the Desert" debuted online on April 10, 2020 and has been viewed at over 6,793,000 times. The COACHELLA and CHELLA festivals returned in person in 2022.

COACHELLA has become a cultural phenomenon, with performances by some of the biggest stars in the music industry and appearances by numerous celebrities. A wide range of COACHELLA-branded apparel and merchandise is sold and advertised at COACHELLA, on the festival website, through the COACHELLA app, and on social media. Plaintiffs also offer a large variety of related goods and services in connection with COACHELLA, including a livestream webcast and subsequently posted video recordings, which are viewed by millions of people. Plaintiffs also host a smaller festival, *Chella Celebrando La Comunidad* (also known as "CHELLA"), in between the two weekends of COACHELLA.  As detailed later in this Complaint, Plaintiff CMF owns numerous trademarks for COACHELLA and CHELLA.

2.      Despite having no association with Plaintiffs or their festivals, Defendants Johnson and Adams are intentionally trading on the goodwill of Plaintiffs and the well-known COACHELLA and CHELLA trademarks by using the confusingly similar mark "MOECHELLA" in connection with Defendants' own music and cultural events, entertainment services, and associated apparel.  In addition to the word mark, Defendants also use a stylized MOECHELLA mark that is strikingly similar to the stylized COACHELLA trademark (USPTO Reg. Nos 3,196,129; 4,266,400; and 5,235,903) as shown here:



| Plaintiffs' Stylized Mark | Defendants' Stylized Mark |

3.     Defendant Johnson has admitted in a media interview that he attempted to register MOECHELLA as a trademark, and that MOECHELLA is a direct reference to COACHELLA: "'Moechella:''moe' slang for friend, combined with a play on the California festival."[2]

4.     Defendants' live music events include events in Washington, D.C. and California.[3] In addition to live music events, Defendants have offered apparel under the MOECHELLA Marks, including the sweatshirt shown below:



5.     Even more concerning that the trademark infringement itself, is the fact that on June 19, 2022, a 15-year-old boy was killed, three other people were shot, and several others injured, when gunfire broke out at an unpermitted MOECHELLA event in Washington, D.C., which was

---

[2] Available at https://washingtoncitypaper.com/article/566944/protests-dont-need-trademarks-moechella-lives-on/, included in Exhibit 9.

[3] *See* https://www.revolt.tv/article/2022-05-15/168878/moechella-mixes-go-go-social-justice-at-events-in-la-and-dc/ and https://www.youtube.com/watch?v=AnTRq1bSb_0, included in Exhibit 9 at 4-6.

promoted on social media.[4] Plaintiffs contend that incidents such as the shooting death and melee cause harm to Plaintiffs, particularly given Defendants' infringing use of similar looking and sounding MOECHELLA marks, which cause confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' events with those of Plaintiffs, resulting in reputational harm to Plaintiffs.

6.     Plaintiffs have repeatedly requested that Defendants cease use of the term MOECHELLA and any similar designation, but Defendants have refused to do so; Defendant Johnson publicly stated "I'm not going to stop using the name."[5] On or about January 5, 2023, Defendants sent an email announcement to numerous recipients regarding at least ten upcoming events in 2023 and under the MOECHELLA branding.[6]  This was done with Defendants' actual knowledge of Plaintiffs' COACHELLA and CHELLA marks and with constructive notice of Plaintiffs' rights in their registered trademarks under 15 U.S.C. § 1072. Thus, despite Plaintiffs' repeated efforts to avoid litigation, Defendants have made clear that they have no intent of ceasing their infringing activities, forcing Plaintiffs to file this action.

7.     To be clear, Plaintiffs have no objection to Defendants' lawful activities, including the hosting of live music and entertainment events, producing and selling merchandise, or engaging in other entertainment activities; Plaintiffs' only objection is to the Defendants' infringing and confusing use of the term "MOECHELLA" (or anything similar to COACHELLA or CHELLA) in connection with those activities.  Plaintiffs simply want Defendants to use a distinctive trademark that does not infringe or trade on the goodwill of the COACHELLA or CHELLA trademarks, and to avoid confusion and a false association with Plaintiffs' festivals.

---

[4] *See* www.newsweek.com/juneteenth-shooting-video-shows-moechella-festivalgoers-fleeing-gunfire-1717242, including video and statements from Metropolitan Police Department Chief Robert J. Contee III, included in Exhibit 8 at 1-3.

[5] *See* https://washingtoncitypaper.com/article/566944/protests-dont-need-trademarks-moechella-lives-on/, included in Exhibit 9 at 2.

[6] *See* https://mailchi.mp/de75f1fba26d/longlivegogo?, included in Exhibit 10.

## THE PARTIES

8.      Plaintiff Coachella Music Festival, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business in Los Angeles, California. Coachella Music Festival, LLC owns the intellectual property rights to COACHELLA and to CHELLA.

9.      Plaintiff Goldenvoice, LLC is a limited liability company organized and existing under the laws of the State of California, having a principal place of business in Los Angeles, California. Goldenvoice, LLC produces the COACHELLA and CHELLA festivals.

10.     Defendant Johnson is an individual residing and conducting business in Washington, D.C.

11.     Defendant Adams is an individual residing and conducting business in Washington, D.C.

## JURISDICTION AND VENUE

12.     This case is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125, *et seq.*, and District of Columbia common law.

13.     This Court has subject matter jurisdiction over the trademark claims in this Complaint pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

14.     This Court has supplemental jurisdiction over the claims arising under District of Columbia law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the asserted state claims are substantially related to the claims arising under the Lanham Act, such that they form part of the same case or controversy.

15.     This Court has personal jurisdiction over Defendants because they reside in District of Columbia, and because they conduct and solicit business in the District of Columbia and have substantial contacts within this judicial district. The acts of Defendants have caused, and are continuing to cause, injury to Plaintiffs within this judicial district.

16.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PLAINTIFFS' COACHELLA MUSIC FESTIVAL, TRADEMARKS, AND SERVICE MARKS

17.     CMF owns and, with Goldenvoice, LLC, produces COACHELLA, one of the country's premier music and arts festivals. Printouts of several news stories about COACHELLA are attached to this Complaint as Exhibit 1. The caption from one photograph accompanying a story from CNN reads, "[a]n aerial view taken from a helicopter on Sunday shows how big the [2011] festival is."

18.     Held annually at the Empire Polo Club in the beautiful Southern California desert, COACHELLA is one of the most critically acclaimed music festivals in the world. The entire festival site, which includes the festival grounds, on-sight camping, parking and support operations, encompass over 800 acres.

19.     COACHELLA was first held in October 1999 and drew some 25,000 attendees into the California desert in Southern California. Over the years,[7] both COACHELLA's attendance and its prominence have grown. Attendance to COACHELLA, aggregated over the multi-day event, now totals nearly 750,000 attendees per year.

20.     COACHELLA showcases some of the most groundbreaking artists from all genres of music along with a substantial selection of art installations from all over the world. COACHELLA attracts some of the world's biggest mega-stars to perform. The list of artists who have performed includes Beyoncé, Beastie Boys, Bjork, Cardi B, Coldplay, Daft Punk, Dr. Dre & Snoop Dogg, Foo Fighters, Guns N' Roses, Jane's Addiction, Jay-Z, Kanye West, Lady Gaga, Leonard Cohen, Madonna, Paul McCartney, Prince, Radiohead, Red Hot Chili Peppers, The Cure, and The Weeknd, to list only a very few.

---

[7] COACHELLA was next held in April 2001 and has been held annually thereafter, except in 2020 and 2021, when the festival was postponed due to the COVID-19 pandemic.

21.     COACHELLA is about more than just music. The festival has camping facilities for some 15,000 attendees (complete with a karaoke lounge and a general store), on-site lodges, hotel packages, and an amazing selection of food and beverages from a wide range of restaurants. The festival also features extensive art exhibits, including sculpture and interactive and immersive art. The music, the food, the art, and of course, the fellowship of other attendees, taken together, makes COACHELLA more than just a concert to attend—it truly is an experience.

22.     COACHELLA is widely recognized for its fashion and has developed a reputation as an unofficial kick-off to summer styles, attracting sponsorships from recognized and esteemed international brands such as Hennes & Mauritz, Ray-Ban, BMW, Adidas, Swarovski, and more.

23.     Accordingly, the large variety of COACHELLA-branded merchandise available to festival attendees includes a wide range of apparel for men, women, and children. Many attendees commemorate the festival experience by purchasing such merchandise.

24.     Plaintiffs own and operate COACHELLA's website, available at www.coachella.com. This website has received over 20 million page views in 2019 and hosted nearly 8.5 million users over nearly 12 million sessions. Screen captures of Plaintiffs' website, available at www.coachella.com, are attached to this Complaint as Exhibit 2.

25.     Plaintiffs also produce a mobile app for COACHELLA for use on iPhone / iPad and Android devices. Screen captures of Plaintiffs' app from iTunes and Google are attached to this Complaint as Exhibit 3.

26.     Plaintiffs extensively promote COACHELLA through a variety of media, including via the Internet on its website, available at www.coachella.com, and on numerous social media sites including YouTube, Facebook, Twitter, and Instagram. Screen captures of COACHELLA's Facebook, Twitter, and Instagram accounts are attached to this Complaint as Exhibit 4. As can be seen from Exhibit 4, COACHELLA's YouTube account has over 2.4 million subscribers; its Facebook account has over 2.4 million followers; its Twitter account has over 1 million followers; and its Instagram account has over 2.4 million followers.

27.     Plaintiffs and their affiliates have invested substantial sums in media and related content to promote COACHELLA.

28.     An Internet search using the Google search engine for the phrase "COACHELLA music festival" provided over 18.1 million hits; a cursory review of the results shows nearly every hit was related to Plaintiffs' festival; and the first search result was to Plaintiffs' www.coachella.com website.

29.     Tracked online media impressions (advertisements) for COACHELLA from March 29, 2019 through May 3, 2019 exceeded 130 million impressions.

30.     Over 500 credentialed journalists, from print media, radio, television, and the Internet reported live from the 2019 COACHELLA. The journalists represented media outlets such as diverse as Time, Billboard, and the BBC.

31.     Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA trademark and service mark, having used the mark in connection with the festival and related goods and services since the first COACHELLA in 1999.

32.     Similarly, Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA (stylized) trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999. The stylized mark is depicted below:

# COACHELLA

33.     Plaintiffs also own the exclusive trademark rights to the distinctive COACHELLA VALLEY MUSIC AND ARTS FESTIVAL trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999.

34.     Plaintiffs also own the exclusive trademark and service mark rights to the distinctive CHELLA trademark and service mark, which Plaintiffs use in connection with a variety of goods and services associated with *Chella Celebrando La Comunidad*, aka CHELLA, which is held in between the two weekends of COACHELLA.

35.     CHELLA has been held annually since 2018 (except in 2020 and 2021, due to the COVID-19 pandemic) and is a festival which celebrates musicians, art, culture and community. Although smaller that its sister festival, CHELLA is known around the world and has established trademark rights not only in the United States, but also in countries including Australia, Canada, China, Hong Kong, Korea, New Zealand, and South Africa. Artists such as Los Tucanes de Tijuana, Los Angeles Azules, Ocho Ojos, Cuco, and Mon Laferte have performed at both CHELLA and COACHELLA.

36.     The COACHELLA, COACHELLA (stylized), CHELLA, and COACHELLA VALLEY MUSIC AND ARTS FESTIVAL marks are collectively referred to in this Complaint as the "COACHELLA Marks."

37.     Since 1999, Plaintiffs' use of the COACHELLA Marks has been extensive, continuous, and substantially exclusive.

38.     COACHELLA and the COACHELLA Marks have been the subject of extensive newspaper articles, magazine articles, television, and Internet news stories. *See* Exhibit 1.

39.     Plaintiffs have made, and continue to make, a substantial investment of time, effort and expense in the production and promotion of COACHELLA and the COACHELLA Marks.

40.     The COACHELLA Marks are unique and distinctive and, as such, designate a single source of origin.

41.     As a result of Plaintiffs' efforts and use, the COACHELLA Marks have come to be recognized by the public and members of the trade as being associated exclusively with Plaintiffs, COACHELLA, and CHELLA.

42.     Plaintiffs expend substantial effort and expense to protect the COACHELLA Marks' distinctiveness in the marketplace. Plaintiffs extensively police unauthorized use of the COACHELLA Marks and have sent countless cease and desist letters to combat misuse or unauthorized use of the COACHELLA Marks.

43.     Plaintiffs have filed numerous domain name complaints to remedy the registration or use of identical or confusingly similar Internet domain names.

44.     Based on Plaintiffs' use, including the use described herein, Plaintiffs own extensive common law trademark rights in the COACHELLA Marks.

45.     In addition to their extensive common law rights, CMF owns numerous United States registrations and applications for the COACHELLA Marks. Specifically, CMF owns:

a.     United States Service Mark Registration No. 3,196,119 for COACHELLA. This Registration is incontestable under 15 U.S.C. § 1065;

b.     United States Trademark Registration No. 4,270,482 for COACHELLA;

c.     United States Service Mark Registration No. 3,196,129 for COACHELLA (stylized). This Registration is incontestable under 15 U.S.C. § 1065;

d.     United States Trademark Registration No. 4,266,400 for COACHELLA (stylized);

e.     United States Trademark Registration No. 5,235,905 for COACHELLA;

f.     United States Trademark Registration No. 5,235,903 for COACHELLA (stylized);

g.     United States Service Mark Registration No. 3,196,128 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL. This Registration is incontestable under 15 U.S.C. § 1065;

h.     United States Trademark Registration No. 3,965,563 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL; and

i.     United States Trademark Registration No. 4,008,651 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL;

j.     United States Trademark Registration No. 5,075,233 for CHELLA; and

k.     United States Trademark Registration No. 5,520,063 for CHELLA.

The registration certificates for each of these registrations are attached to this Complaint as Exhibit 5.

46.     Having been widely promoted to the general public, extensively used in interstate commerce, and having exclusively identified Plaintiffs and their goods and services, the

COACHELLA Marks symbolize the tremendous goodwill associated with Plaintiffs and Plaintiffs' festivals.

47.     The COACHELLA Marks are a property right of incalculable value.

## DEFENDANTS' INFRINGING CONDUCT

48.     Defendants organize live music events under the MOECHELLA mark, beginning with a music event that took place in Washington, D.C. in 2019.

49.     Defendant Johnson claims to be the founder of an unincorporated association, Long Live GoGo, under which Johnson uses the MOECHELLA mark.

50.     Defendant Adams claims to be the Executive Director of an unincorporated association, Long Live GoGo, under which Adams uses the MOECHELLA mark. A Copy of Adams' LinkedIn profile page showing her use of the MOECHELLA mark is attached to this Complaint as Exhibit 6.

51.     Defendants use a stylized version of the MOECHELLA mark, shown below, that is highly similar to Plaintiffs' stylized COACHELLA mark. Defendants' stylized version of the MOECHELLA mark together with the MOECHELLA word mark are referred to as the "MOECHELLA Marks."



52.     Defendant Johnson has advertised the MOECHELLA music events on his Instagram account. Screen captures of Johnson's Instagram account are attached to this Complaint as Exhibit 7.

53.     Defendants' live music events include events in Washington, D.C. and California. *See* Exhibit 7 at 6-7; Exhibit 9 at 3-6.

54.     Defendants intentionally selected the MOECHELLA Marks to trade on the goodwill of the COACHELLA Marks. As Johnson stated in one interview, "'Moechella:''moe' slang for friend, combined with a play on the California festival."[8]  Printout of the referenced article is attached to this Complaint as Exhibit 8.[9]

55.     In addition to live music events, Defendants offer apparel under the MOECHELLA Marks, including the sweatshirt shown in ¶ 4, *supra*.  *See* Exhibit 7 at 5.

56.     On or about April 18, 2021, Johnson filed a U.S. trademark application, Serial No. 90/653,309 for the MOECHELLA word mark in connection with "Book covers" in Class 16, "Shirts, hoodies" in Class 25, "Providing information, news, and commentary in the field of politics" in Class 35, and "Entertainment services in the nature of presenting live musical performances; Entertainment, namely, live music concerts; Entertainment, namely, live performances by musical bands; Conducting entertainment exhibitions in the nature of music; Organizing music festivals for cultural or entertainment purposes" in Class 41 (the "MOECHELLA Application").

57.     On September 27, 2021, the United States Patent and Trademark Office ("USPTO") issued a non-final office action provisionally refusing the MOECHELLA Application in Classes 25 and 41 due to likelihood of confusion with Plaintiff's CHELLA marks, U.S.

---

[8] Available at https://washingtoncitypaper.com/article/566944/protests-dont-need-trademarks-moechella-lives-on/.

[9] *See also* https://www.sportskeeda.com/pop-culture/what-moechellaevent-go-go-music-meaning-explained-shooting-occurs-juneteenth-celebratory-festival ("The name Moechella is a combination of the popular music festival Coachella and Washington DC's slang word for 'friend' which is 'moe.'"); https://americansongwriter.com/teen-killed-more-woundedat-d-c-music-festival/ ("Moechella is a portmanteau that blends the slang term for friend, 'moe,' and the festival name 'Coachella.'"); https://meaww.com/amp/moechella-music-festival-washington-dc-gunfire-15-year-old-deadthree-injured  ("The event's name combines the slang term for a friend, 'moe' and the name of Coachella music festival").  The articles are included in Exhibit 8.

Registration Nos. 5,075,233 and 5,520,063, among other grounds for refusal.  Johnson submitted arguments in response; however, on or about January 10, 2022, the USPTO issued a final office action maintaining the likelihood of confusion refusal in Classes 25 and 41, among other grounds. On or about March 21, 2022, Johnson deleted Classes 16, 25, and 41 from the MOECHELLA Application, leaving only Class 35 services, and the MOECHELLA Application was published for opposition.

58.     On June 20, 2022, Plaintiffs timely opposed the MOECHELLA Application at the Trademark Trial and Appeal Board, in proceeding Opposition No. 91276862.  On July 29, 2020, Johnson filed a withdrawal of the MOECHELLA Application, and the opposition proceeding was subsequently terminated.

59.     Despite withdrawing the MOECHELLA Application, Defendants have stated that they intend to continue using the MOECHELLA Marks. For example, Defendant Johnson stated in an interview with one media outlet: "I'm not going to stop using the name. It's a protest." Exhibit 9 at 2. Defendant Adams has used the MOECHELLA mark on her professional LinkedIn profile page. Exhibit 6.

60.     On June 19, 2022, gunfire broke out at an unpermitted MOECHELLA event in Washington D.C., and a 15-year-old boy was killed, three others were shot, and several others were injured in the melee. According to one media outlet, Washington D.C. Mayor Muriel Bowser expressed concern about Defendant's lack of permitting and planning for the event: "We have a child who was killed today at an event that did not have any proper planning for the number of people who were here and with guns involved." Exhibit 8 at 7.

61.     On or about January 5, 2023, Defendants sent an email announcement to numerous recipients regarding at least ten upcoming events in 2023 and the announcement included use of MOECHELLA Marks. Printout of the email is attached as Exhibit 10. Plaintiffs have repeatedly requested that Defendants cease use of the MOECHELLA Marks and any similar designation, but Defendants have refused to do so.

### HARM TO PLAINTIFFS AND THE GENERAL PUBLIC

62.     Defendants' unauthorized use of the MOECHELLA Marks, or any designation similar to the COACHELLA Marks, creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants and their goods and services, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendants with Plaintiffs, despite the fact that no such relationship exists.

63.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks, particularly the goodwill and reputation associated therewith.

64.     Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an inherent interest in being free from confusion, mistake, and deception.

### FIRST CAUSE OF ACTION

### (Trademark Infringement Under 15 U.S.C. § 1114)

65.     Plaintiffs reallege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth here.

66.     Defendants' use of the MOECHELLA Marks is likely to cause confusion, mistake, or to deceive.

67.     The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiffs to relief.

68.     Defendants have unfairly profited from the trademark infringement alleged.

69.     By reason of Defendants' acts of trademark infringement, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks, in amounts to be determined.

70.     Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their federally registered trademarks.

71.     Defendants' acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

72.     By reason of Defendants' acts and continued recalcitrant behavior, Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

73.     By reason of Defendants' willful and repeated acts of trademark infringement and their recalcitrant behavior, Plaintiffs are entitled to damages, and they are entitled to have those damages trebled under 15 U.S.C. § 1117.

74.     This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

75.     Plaintiffs reallege and incorporate by reference each of the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

76.     Defendants' use in commerce of the MOECHELLA Marks and variations thereof is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized by, sponsored by, approved by, or affiliated with Plaintiffs.

77.     The above-described acts of Defendants constitute trademark infringement of the COACHELLA Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

78.     Defendants have unfairly profited, and continues to unfairly profit, from the actions alleged.

79.     By reason of the above-described acts of Defendants, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

80.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

81.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

82.     By reason of Defendants' acts, Plaintiffs' remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Defendant and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

83.     The above-described acts of Defendants were willful and repeated.

84.     Plaintiffs are entitled to damages, and entitled to have those damages trebled under 15 U.S.C. § 1117.

85.     This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition)

86.     Plaintiffs reallege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth here.

87.     Plaintiffs are informed and believe that Defendants are in direct competition with Plaintiffs.

88.     By virtue of having used and continuing to use the COACHELLA Marks in commerce, including in District of Columbia, Plaintiffs have acquired common law trademark rights in the COACHELLA Marks.

89.     Defendants, with full knowledge of Plaintiffs' prior rights in the COACHELLA Marks, and of the valuable goodwill associated therewith, have used and continues to use the MOECHELLA Marks which are confusingly similar to Plaintiffs' COACHELLA Marks without Plaintiffs' consent.

-16-

90.     Defendants' unauthorized use in commerce of marks that are confusingly similar to Plaintiffs' COACHELLA Marks has caused and is likely to continue to cause confusion or mistake, or to deceive consumers and potential consumers, the public, and the trade concerning an affiliation, connection, or association between Plaintiffs and Defendants when there is no such affiliation, connection or association.

91.     Defendants' use of the infringing MOECHELLA Marks as described above has impaired, is impairing, and, unless enjoined by this Court, will continue to impair Plaintiffs' reputation and has caused, is causing, and unless enjoined by the Court, will continue to cause injury and damage to Plaintiffs for which Plaintiffs are entitled to relief under the common law.

92.     Due to Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm.

93.     The acts of the Defendants, alleged herein, constitute trademark infringement and unfair competition in violation of the common law of the District of Columbia.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1.     That the Court enter a judgment against Defendants that Defendants have:

   a.   Infringed the rights of Plaintiffs in the registered COACHELLA Marks in violation of 15 U.S.C. § 1114(1);

   b.   Infringed the rights of Plaintiffs in the COACHELLA Marks and engaged in false designation of origin in violation of 15 U.S.C. § 1125(a);

   c.   Engaged in trademark infringement and unfair competition under District of Columbia common law.

2.     That each of the above acts was willful.

3.     That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction enjoining and restraining Defendants their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

    a.   Engaging in any infringing activity including advertising, promoting, marketing, franchising, selling, or offering for sale any goods or services in connection with the COACHELLA Marks or any similar mark, including but not limited to the MOECHELLA Marks;

    b.   Registering or seeking to register the MOECHELLA Marks, or any similar designation, as a trademark in the United States in connection with any goods or services that are competitive, similar, or related to the goods or services offered by the Plaintiffs;

    c.   Engaging in any unfair competition with Plaintiffs; and

    d.   Engaging in any deceptive acts.

4.    That Plaintiffs be awarded damages for Defendants' trademark infringement and unfair competition and that these damages be trebled, in accordance with the provisions of 15 U.S.C. § 1117.

5.    That Plaintiffs be awarded all profits resulting from Defendant's infringement of Plaintiffs' rights and by means of Defendants' unfair competition with Plaintiffs.

6.    That Defendants be ordered to account for and disgorge to Plaintiffs all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

7.    That Plaintiffs be awarded an amount sufficient to reimburse Plaintiffs for the costs of corrective advertising.

8.    For prejudgment interest on all infringement damages.

9.    That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

10.    That the Court award Plaintiffs their costs of suit incurred herein.

11.    That the Court award Plaintiffs punitive damages to the full extent available under the law.

12.    For such other or further relief as the Court may deem just and proper.

Dated: February 1, 2023

By: /s/ Brian K. Brookey
    Brian K. Brookey, D.C. Bar No. 1765285
    brian.brookey@tuckerellis.com
    David J. Steele (*pro hac vice, pending*)
    david.steele@tuckerellis.com
    Steven E. Lauridsen (*pro hac vice, pending*)
    steven.lauridsen@tuckerellis.com
    Dina Roumiantseva (*pro hac vice, pending*)
    dina.roumiantseva@tuckerellis.com
    TUCKER ELLIS LLP
    515 South Flower Street, 42nd Floor
    Los Angeles, CA 90071
    Telephone: 213.430.3400

    Attorneys for Plaintiffs
    Coachella Music Festival, LLC and
    Goldenvoice, LLC

## DEMAND FOR TRIAL BY JURY

Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC hereby demand a trial by jury to decide all issues so triable in this case.


Dated: February 1, 2023

By: /s/ Brian K. Brookey
Brian K. Brookey, D.C. Bar No. 1765285
brian.brookey@tuckerellis.com
David J. Steele (*pro hac vice, pending*)
david.steele@tuckerellis.com
Steven E. Lauridsen (*pro hac vice, pending*)
steven.lauridsen@tuckerellis.com
Dina Roumiantseva (*pro hac vice, pending*)
dina.roumiantseva@tuckerellis.com
TUCKER ELLIS LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400

Attorneys for Plaintiffs
Coachella Music Festival, LLC and
Goldenvoice, LLC

-20-