**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------------------x

COACHELLA MUSIC FESTIVAL, LLC and
GOLDENVOICE, LLC,

                          Plaintiffs,

            v.

JUSTIN JOHNSON and KELSYE ADAMS,

                        Defendants.

---------------------------------------------------------x

Civil Action No. 123-cv-00288-RBW

## ANSWER TO THE COMPLAINT

       Defendants ("Defendants") hereby file, by and through their undersigned counsel, this Answer and Affirmative Defenses in response to the Complaint filed by Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC ("Plaintiffs"), pursuant to the Federal Rules of Civil Procedure and the Court's individual rules and practices as follows:

       1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

       2.     Defendants admit that they have no association with Plaintiffs.  Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint.

       3.     Defendants admit that "moe" is a D.C. slang term for "friend" and that, as stated in the article cited in Paragraph 3 of the Complaint, the community began calling the "Long Live GoGo" protests organized by Mr. Johnson by the term "Moechella".  Defendants admit that Mr. Johnson inadvertently submitted to register MOECHELLA with the USPTO in an effort to cement the narrative behind the event, as reported in the same article. Defendants deny that "Moechella" is a direct reference to COACHELLA, and instead, as stated in the cited article, assert that

//

"Moechella" is a direct reference to the musical protests organized by Mr. Johnson under the LONG LIVE GOGO name and mark, and otherwise denies the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendant Johnson admits that he organized live music events as part of their political protests and rallies against gentrification in Washington, D.C. and Los Angeles under the LONG LIVE GOGO mark. Mr. Johnson admits that he has offered apparel displaying the term "MOECHELLA" along with an image of the U.S. Capitol building, as shown in Paragraph 4 of the Complaint.   Ms. Adams denies that she has offered apparel displaying the term "MOECHELLA."

5.      Defendants admit that a boy was killed, and others were shot and injured on June 19, 2022, in Washington, D.C. as stated in Paragraph 5 of the Complaint.  Defendants deny that this tragedy harmed Plaintiffs in any way or occurred at the event organized by Long Live GoGo.

6.      Ms. Adams denies that she received a demand letter or any other communication from Plaintiffs. Mr. Johnson admits that he received letters from Plaintiffs.  Mr. Johnson admits that he stated "I'm not going to stop using the name. It's a protest." as stated in the article cited in Paragraph 6 of the Complaint.  Defendants deny that the January 5, 2023, email announcement used MOECHELLA branding.  Defendants also deny that Plaintiffs made repeated efforts to avoid litigation, that Defendants' activities are infringing, and that Plaintiffs were forced to file this action. Mr. Johnson also denies that he intended to keep using the name—contrary to his earlier statement in the article cited in Paragraph 6. He later publicly stated he would no longer sell merchandise or host events by Long Live Gogo using the term Moechella prior to the filing of the Complaint, with the hope of avoiding a conflict with Plaintiffs.  Defendants deny the remaining allegations set forth in Paragraph 6 of the Complaint.

2

7.      Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

## THE PARTIES

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.      Defendants admit that Justin Johnson is an individual.  Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 10 of the Complaint.

11.      Defendants admit that Kelsye Adams is an individual.  Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.      Paragraph 12 of the Complaint states a legal conclusion to which no response is required.

13.      Paragraph 13 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that, for the limited purposes of this action only, Defendants do not dispute that this Court has jurisdiction over the subject matter of this action with respect to Defendants. Defendants deny the remaining allegations set forth in Paragraph 13.

14.      Paragraph 14 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that, for the limited purposes of this action only, Defendants do not dispute that this Court has supplemental jurisdiction of this Court. Defendants deny the remaining allegations set forth in Paragraph 14 of the Complaint.

15.      Paragraph 15 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the court has personal

jurisdiction over each of them based on their residence in the District of Columbia as set forth in Paragraph 15, but deny that any acts of Defendants have caused, or are continuing to cause, injury to Plaintiffs as set forth in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

### PLAINTIFFS' COACHELLA MUSIC FESTIVAL, TRADEMARKS, AND SERVICE MARKS

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth that Plaintiffs have filed numerous oppositions to other similar marks, and otherwise admits the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45, including subparagraphs (a)-(k), of the Complaint.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

## DEFENDANTS' ALLEGED INFRINGING CONDUCT

48.     Defendants deny organizing live music events under the MOECHELLA mark beginning in 2019 in Washington, D.C. as set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendant Johnson admits to filing U.S. Application Serial No. 90/653,309 with the United States Patent and Trademark Office ("USPTO"). Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants admit the USPTO issued a correspondence to Defendant Justin Johnson. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 57 of the Complaint.

58.     Defendant Johnson admits he withdrew the inadvertent application. Except as admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

### FIRST CAUSE OF ACTION
**(Trademarks Infringement Under 15 U.S.C. § 1114)**

65.     Defendants reassert their answers for Paragraphs 1-64 of the Complaint as if those responses were fully set forth herein.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

## SECOND CAUSE OF ACTION
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

75.     Defendants reassert their answers for Paragraphs 1-74 of the Complaint as if those responses were fully set forth herein.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

## THIRD CAUSE OF ACTION
### (Violation of California Unfair Competition and Common Law Trademark Law)

86.     Defendants reassert their answers for Paragraphs 1-85 of the Complaint as if those responses were fully set forth herein.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following additional defenses to the Complaint. In doing so, Defendants do not assume any burden of proof on any issue that is Plaintiff's burden as a matter of law. Defendants reserve the right to amend or supplement these defenses as additional facts become known.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to state a claim)

Plaintiffs have failed to allege facts sufficient to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

Plaintiffs' alleged trademarks for "COACHELLA" and "CHELLA" are descriptive, lack secondary meaning, and have failed to become distinctive.

### THIRD AFFIRMATIVE DEFENSE
### (Abandonment)

Plaintiffs have failed to diligently prosecute other individuals and/or entities that have made use of the phrases "COACHELLA" and "CHELLA" and have, therefore, abandoned any rights in that purported trademark. Plaintiffs have further abandoned any rights to the trademark at issue by and through the various assignments in gross.

### FOURTH AFFIRMATIVE DEFENSE
**(No Damages)**

Plaintiffs have not been damaged in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and, therefore, the relief prayed for in the Complaint cannot be granted.

### FIFTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiffs' claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Plaintiffs' claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
**(Acquiescence)**

Plaintiffs' claims are barred by the doctrine of acquiescence.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve any and all additional defenses available to them under Title 15 of the United States Code or under the rules, regulations, and laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, including inequitable conduct, in the event that discovery or other analysis indicates that additional defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request denial of all relief requested by Plaintiffs and dismissal of Plaintiffs' claims in their entirety with prejudice, and that the Court enters an order and judgment as follows:

A.    Dismissing the Complaint in this action in its entirety with prejudice and entry of judgment in favor of Defendants;

B.      Awarding Defendants reasonable attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117 and other applicable law;

C.      Ordering cancellation of U.S. Trademark Registration No. 3,196,119; No. 4,270,482; No. 4,266,400; No. 5,235,905; No. 5,235,903; No. 3,196,128; No. 3,965,563; No. 4,008,651; No. 5,075,233; and No. 5,520,063, and certifying such order to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119; and

D.      Granting Defendants such further and other relief as this Court may deem just, lawful or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues triable by jury alleged or relating to this litigation.


Dated:      Washington, D.C.
            December 18, 2023

                                    Respectfully submitted,

                                    Linklaters LLP

                                    By:    /s/ *Robin Nunn*
                                    Robin Nunn
                                    601 Thirteenth Street, N.W.
                                    Suite 400 South
                                    Washington, D.C. 20005
                                    (202) 654-9200
                                    (202) 654-9210 (fax)

                                    *Attorney for Justin Johnson and Kelsye*
                                    *Adams*