**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

*COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC,*
*425 W. 11th Street, Suite 500*
*Los Angeles CA 90015*

*Plaintiffs*

*v.*

*JUSTIN JOHNSON*
*2301 Cathedral Avenue NW, Apt. 410*
*Washington, DC 20008; and*

*KELSYE ADAMS*
*211 N Laburnum Avenue, Apt. 1*
*Richmond, VA 23223*

*Defendants.*

Case No. 1:23-cv-00288-RBW

**PLAINTIFFS' RESPONSE TO LINKLATERS LLP AND PATRICK C. ASHBY'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS [53]**

## I. INTRODUCTION

Linklaters LLP and Patrick C. Ashby (collectively, "Defense Counsel") seek leave to withdraw from their representation of Defendants pursuant to Civil Local Rule 83.6(c). However, as explained below, Defense Counsel's motion raises more questions than it answers, and it is apparent that granting the motion for leave to withdraw would unduly disrupt this case and cause prejudice to Plaintiffs. The motion should therefore be denied at least until a time when allowing Defense Counsel to withdraw would not disrupt this litigation and would not prejudice Plaintiffs.

## II. BACKGROUND AND PROCEDURAL POSTURE

This action was filed on February 1, 2023, but due to Defendants' evading service of process, failure to appear, and subsequent relief from default, Defendants did not appear until April 19, 2023 and were not relieved from default until October 24, 2023. ECF Nos. 1, 14-23, 25-26, 28. After requesting multiple extensions of time to respond to the complaint, Defendants answered on December 18 2023, and following a long-awaited Rule 26(f) conference, discovery finally opened on January 5, 2024, nearly a year after this action was filed. ECF Nos. 33, 38.

This progress was, however, short lived. On February 15, 2024, Defense Counsel filed a motion to extend all case deadlines by thirty days, stating that Defendant's lead trial attorney at Linklaters LLP, Ms. Robin Nunn, went on leave from the firm two days prior. ECF No. 49 at 1. When Defense Counsel filed the motion for an extension of time, they did so (a) one day prior to the court-ordered deadline for Plaintiffs to file their motion for a two-tiered protective order, (b) four days before the court-ordered deadline for the parties to exchange initial disclosures, (c) eleven days before Defendants' initial discovery responses were due, and (d) fourteen days before the hearing on Plaintiffs' motion to strike affirmative defenses, which has now been pending for over ten weeks. *Id.* at 2; *see also* ECF No. 35 (motion to strike).

After the Court granted Defense Counsel's motion to extend all deadlines by one month, Plaintiffs discovered that, despite Defendants' representations to this Court through their counsel that they had ceased all use of the MOECHELLA mark, Defendants have not only been continuing their infringement but have also been expanding the scope of their infringing activities. As a result, Plaintiffs were forced to file a motion for a preliminary injunction on March 14, 2024. ECF No. 51. The Court has since ordered Defendants to respond to the motion by March 25, 2024 and has scheduled a hearing for twenty-one days after the motion's filing on April 4, 2024 to address Plaintiffs' claims of irreparable injury. *See* Mar. 14, 2024 Minute Order.

Despite being granted a one-month extension of all deadlines to allow Defendants and Defense Counsel to sort through any issues concerning Defendants' representation, apparently nothing has happened in that regard. Defendants' initial disclosures are now past due, and their initial discovery responses are due in five days with no indication from the motion to withdraw that any responses will be served. Defendants' opposition—or statement of non-opposition—to the motion for a preliminary injunction is due in four days with a hearing set fourteen days from now. A response to Plaintiffs' motion for a protective order is coming due. And the hearing on Plaintiffs' motion to strike affirmative defenses is scheduled in fifteen days. In the meantime, the Court has ordered that the parties may not conduct discovery on Defendants' affirmative defenses until the Court rules on the motion. Further, it is Plaintiffs' counsel's understanding from speaking with Mr. Ashby that Defense Counsel does not believe it has the authority to serve any discovery responses, make any court filings, or attend the hearings on Plaintiffs' two pending motions.

It has now been five weeks since the Court granted Defendants' motion for an extension of time. ECF No. 50. However, according to Defense Counsel's motion to withdraw, only two things have happened in that intervening period with respect to Defendants' representation in this

action—namely, Ms. Nunn departed from Linklaters LLP about one month ago, and Defendants "discharged" Defense Counsel, but apparently without signing any consent for withdrawal and without anyone informing Plaintiffs or this Court of Ms. Nunn's departure or the firm's apparent discharge. ECF No. 53 at 2 ¶¶ 3-4; *compare* LCvR 83.6(b). Notably, Defense Counsel's motion is also silent concerning whether Ms. Nunn herself will continue to represent Defendants and merely states that "Ms. Nunn remains on the docket as counsel of record . . . ." ECF No. 53 at 2 ¶ 5.

With numerous discovery and motion deadlines—one of which involves a preliminary injunction—and no explanation concerning Defendants' plans for representation, allowing Defense Counsel to withdraw at this time would either completely disrupt these proceedings or, if the Court extends the motion and discovery deadlines while Defendants continue to sort out their representation, would prejudice Plaintiffs by causing them to continue to suffer irreparable harm while their motion for a preliminary injunction languishes on the docket. Accordingly, the motion for leave to withdraw should be denied as premature.

## III. ALLOWING DEFENSE COUNSEL TO WITHDRAW WOULD BE PREMATURE.

### A. The legal standard for an attorney to withdraw requires that both the parties and the case itself be protected from undue prejudice from the withdrawal.

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client." *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 219 F. Supp. 3d 155, 157 (D.D.C. 2016) (quoting *Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006) and citing *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003)). "The withdrawal of an attorney from a civil action in the United States District Court for the District of Columbia is governed by Local Civil Rule 83.6. When, as here, attorneys wish to withdraw from representing a party but the client has not

consented and has no other attorney representing him in the matter, a formal motion must be filed and granted by the court." *Id.* (citing *Banneker Venters, LLC v. Graham*, No. 13–391, 2016 WL 1304834, at *2 (D.D.C. Mar. 31, 2016)).

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court." *Sabre Int'l Sec.*, 219 F. Supp. 3d at 158 (quoting *Laster*, 460 F. Supp. 2d at 113). "When ruling on a motion to withdraw, courts may consider the disruptive impact that the withdrawal will have on the prosecution of the case." *Byrd*, 271 F. Supp. 2d at 176 (citations omitted). Local Civil Rule 83.6 further provides that the "Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." *Sabre Int'l Sec.*, 219 F. Supp. 3d at 157 (quoting LCvR 83.6(d)). A court may also consider factors such as the length of time the case has been pending, the time it would take for the party to find and secure new counsel, and the degree of financial burden counsel would undergo if he or she continued to represent the Defendants in the case. *Id.* (citing *Barton v. District of Columbia*, 209 F.R.D. 274, 277–78 (D.D.C. 2002); *Byrd*, 271 F. Supp. 2d at 176).

Defense Counsel has not made its required showing with respect to any of these factors. Instead, Defense Counsel's motion to withdraw provides almost no detail concerning why they should be allowed to withdraw from this litigation and instead merely contains a tautological restatement of the local rules. *See* ECF No. 53 at 2 ¶¶ 5-7 (stating without explanation that there would be no delay, prejudice, or harm to the interest of justice). The motion should be denied.

**B. Allowing Defense Counsel to withdraw at this juncture would unduly delay and disrupt this case, both to Plaintiffs' prejudice.**

As noted above, when considering the various factors on a motion to withdraw, "[t]he court

must also ensure that counsel's withdrawal would not disrupt prosecution of the case." *Byrd*, 271 F. Supp. 2d at 177 (collecting cases). Courts in this Circuit have thus denied motions to withdraw, or have refused to allow for immediate withdrawal, at "sensitive" stages of a case, finding that such immediate withdrawal would result in undue delay and disruption. *Id.* (citing *Barton*, 209 F.R.D. at 277); *see also Jones v. NVR Inc.*, No. 20-453-CKK, 2021 WL 12178334, at *2 (D.D.C. 2021) (denying leave to withdraw based on procedural posture of case).

Contrary to Defense Counsel's representations, allowing Defense Counsel to immediately withdraw would prejudice Plaintiffs both due to the pending discovery that has been put off and the two pending motions. The extended deadline to serve initial disclosures passed on March 19 without Defendants having served their disclosures, and Defendants' discovery responses—for which the Court already granted them a one-month extension—will come due on March 26, the day the motion to withdraw is scheduled to be heard.

More importantly, Plaintiffs recently filed a motion for a preliminary injunction where they have demonstrated irreparable harm caused by Defendants' continued and increasing infringement from use of the MOECHELLA mark—conduct Defendants' counsel promised this Court numerous times had long since ceased. ECF No. 51 at 10 (preliminary injunction motion citing to such representations in the record). Defendants' opposition to the preliminary injunction motion is due March 25, 2024, and the hearing on the motion is set for April 4. *See* Mar. 14, 2024 Minute Order. These timeframes are set by the local rules to ensure that irreparable harm such as that faced by Plaintiffs can be promptly addressed. *See* LCvR 65.1(c)-(d). ("On request of the moving party together with a statement of facts which make expedition essential, a hearing on an application for a preliminary injunction shall be set by the Court no later than 21 days after its filing").

If the Court allows for Defense Counsel's immediate withdrawal, either Defendants will

have no counsel to represent them even though the deadline to oppose Plaintiffs' preliminary injunction motion is days away with the hearing following shortly thereafter, or Plaintiffs will have to wait—and thus continue to experience irreparable harm—while the Court allows Defendants to find new counsel or to prepare to defend themselves. "Thus, to allow counsel's withdrawal from the case at this sensitive stage would bring the litigation to a grinding halt and force the postponement of important deadlines to afford [Defendants] sufficient time to prepare [their] case *pro se* or until [they] retain[] new counsel." *Byrd*, 271 F. Supp. 2d at 177 (citing *Barton*, 209 F.R.D. at 277). "The granting of counsel's motion would therefore undoubtedly result in undue delay and disrupt the plaintiff's prosecution of the action." *Id.*

Courts have denied motions to withdraw in similar circumstances, and the Court should therefore do the same here, at least for the time being. *Id.*; *see also Jones*, 2021 WL 12178334, at *2 ("To allow Counsel to withdraw as the parties prepare to file their motions . . . would delay proceedings and would unfairly prejudice Plaintiff by leaving her without the benefit of counsel as the parties proceed with filing dispositive motions. Absent any additional information regarding the basis for Counsel's motion to withdraw, the Court concludes that granting the motion at this time would unduly delay trial in this matter and would be unfairly prejudicial to Plaintiff.").

### C. Defense Counsel has not made a showing concerning any other pertinent factors that would favor leave to withdraw at this time.

Defense Counsel has not even attempted to make a showing concerning the other factors courts consider when ruling on motions for leave to withdraw as counsel. This case has now been pending for over a year, a factor that disfavors allowing withdrawal. *See* ECF No. 1. And since this litigation's inception, Defendants have done nothing but continuously seek to delay—so much so that this Court finally ruled that Defendants would be granted no further extensions of time. *See*

Jan. 24, 2024 Minute Order. Yet this case is now at risk of even more delay due to Defense Counsel's motion for leave to withdraw.

Defense Counsel's motion also does not discuss any financial burden being imposed on them. Similarly, the motion does not provide any real information concerning Defendants' plans for future representation or even a timeline for resolving that issue, a fact that is particularly problematic given the pending proceedings in this case discussed in the previous section.

Moreover, Ms. Nunn's status is completely unknown, and due to her Linklaters LLP email address having been presumably deactivated, there is no indication from Defense Counsel's moving papers that she is even aware of the instant motion. Ms. Nunn's unexplained absence, coupled with Defense Counsel's representations that it has been discharged, puts Plaintiffs in a quandary, for Plaintiffs cannot directly contact Defendants while they are represented by counsel, which will remain an open question due to Ms. Nunn's silence and absence even if Defense Counsel is otherwise permitted to withdraw. Ms. Nunn has not updated her contact information on the docket, so if Defense Counsel is relieved at this time, Plaintiffs will not have a way to communicate with Defendants.

Finally, while Defense Counsel's motion does include a proof of service on Defendants as required by the local rules, there is no indication in either the motion or the supporting declaration that the mailing addresses listed on the proof of service are current, and no email addresses for Defendants have been provided despite the parties' agreement to service of documents by email and despite the proof of service stating Defendants were served by email. ECF No. 42 at 15 § 16 (agreement to service of documents by email); ECF No. 53-1 ¶ 6 (stating Defense Counsel emailed Defendants but without disclosing their email addresses). The potential service issues raised by these facts further highlight the problems with Defense Counsel's immediate withdrawal.

## IV. CONCLUSION

Defendants and their counsel have now had over a month to make an orderly transition to new counsel or to have Defendants state they will represent themselves, yet they seem to have made no progress in this regard and have failed to provide any indication concerning any such plans. As a result, Plaintiffs have little hope that an orderly transition will occur if the Court grants Defense Counsel's motion for leave to withdraw. The lack of an orderly transition will disrupt this case, which has been pending for over a year, will further delay discovery, and—most importantly—will cause Plaintiffs irreparable prejudice if there is any disruption to their motion for a preliminary injunction being fully briefed and heard in a timely fashion. Accordingly, Plaintiffs respectfully submit that the Court should not permit Defense Counsel leave to withdraw until it can be shown that this action will not "grind to a halt" as a result.

Dated: March 21, 2023

By: /s/ Steven E. Lauridsen

TUCKER ELLIS LLP
Brian K. Brookey, D.C. Bar No. 1765285
brian.brookey@tuckerellis.com
1399 New York Avenue NW
Suite 350
Washington, DC 20005
Telephone: 202.505.6493

David J. Steele (*pro hac vice*)
david.steele@tuckerellis.com
Steven E. Lauridsen (*pro hac vice*)
steven.lauridsen@tuckerellis.com
Dina Roumiantseva (*pro hac vice*)
dina.roumiantseva@tuckerellis.com
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400

Attorneys for Plaintiffs
Coachella Music Festival, LLC and
Goldenvoice, LLC