IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COACHELLA MUSIC
FESTIVAL, LLC and
GOLDENVOICE, LLC,
425 W. 11th Street, Suite 500
Los Angeles CA 90015

Plaintiffs

v.

JUSTIN JOHNSON
2301 Cathedral Avenue NW, Apt. 410
Washington, DC 20008; and

KELSYE ADAMS
1839 13th Street, Unit 304,
Washington, DC 20009

Defendants.

Case No. 1:23-cv-00288-RBW

[PROPOSED] STIPULATED ORDER
ENTERING PERMANENT INJUNCTION AND
FINAL JUDGMENT

The Court, having read and considered the stipulation of the parties in this case, **ORDERS** that the stipulation is **APPROVED.**

Accordingly, **IT IS HEREBY ORDERED THAT:**

1.     This Court has jurisdiction over the parties and the subject matter of the above-captioned action ("Action").

2.     Plaintiffs own and operate the Coachella Valley Music and Arts Festival (the "Coachella Festival") and Chella Celebrando a La Comunidad ("Chella", and together with the Coachella Festival, the "Festivals").

3.     Plaintiffs own and have asserted in this Action the following trademarks and service marks, which are used in connection with various of Plaintiffs' offerings: the COACHELLA VALLEY MUSIC AND ARTS FESTIVAL trademarks and service marks; the COACHELLA trademarks and service marks; the COACHELLA (design) trademarks and service marks; and the CHELLA trademarks and service marks (collectively, "Plaintiffs' Marks").

-1-

4.   Plaintiffs' Marks are valid and enforceable.

5.   Without Plaintiffs' authorization, Defendants Justin Johnson and Kelsye Adams ("Defendants") adopted and began using the mark MOECHELLA in connection with one or more organizations, including Long Live GoGo Foundation and Long Live GoGo DMV, that provide, in connection with Defendants, among other things, political events; music and entertainments events; videos; and organizing protests; as well as in connection with apparel and other goods and services in association with such activities.

6.   Defendants' use of MOECHELLA is likely to cause confusion, mistake, and to deceive the relevant consuming public as to the source of Defendants' goods and service.

7.   As a direct result of Defendants' use of MOECHELLA, Plaintiffs have sustained substantial, immediate, and irreparable injury, and are entitled to a permanent injunction.

8.   It is further **ORDERED** that Defendants, as well as their officers, agents, servants, employees, and attorneys, as well as all other persons or entities who are in active concert or participation with them and who have received actual notice of this order, are permanently enjoined from:

    a.   Engaging in any infringing activity, including advertising, promoting, marketing, franchising, selling and offering for sale any goods or services in connection with: (1) Plaintiffs' Marks; (2) Plaintiffs' names, or (3) any designation that is confusingly similar to Plaintiffs' names or Plaintiffs' Marks (including but not limited to MOECHELLA), with the enjoined use including printed, digital, and physical materials; apparel; and online use, including but not limited to use on social media or as an internet domain name; inclusion in any movie, book, magazine, or video; and advertisements on radio, television, and the internet, or on or in any other media;

    b.   Hosting, producing, or promoting any event named MOECHELLA, or any similar designation, including but not limited to any name that contains a CHELLA suffix or prefix; and

  c. Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities recited in sub-paragraphs (a)-(b), above.

9. It is further **ORDERED** that final judgment is entered for Plaintiffs.

10. All relief not expressly granted herein is **DENIED**.

11. Each party shall bear its own costs, expenses, and attorneys' fees.

12. This Court shall retain jurisdiction to the extent necessary to enforce this Permanent Injunction and Final Judgment.

**IT IS SO ORDERED.**

DATED: January 21, 2025

REGGIE B. WALTON
United States District Judge